UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-424-TLS-APR |
| EDWIN G. BUSS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a Complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mayberry alleges that he pled guilty to armed robbery in Case No. 71D02-606-FB-60 in the St. Joseph Superior Court. On November 30, 2006, the trial court sentenced him to eight years of incarceration and awarded him 180 days jail credit time. On December 28, 2006, he entered the custody of the Indiana Department of Correction in connection with this sentence. On September 8, 2009, Mayberry's time served and earned credit time amounted to eight years, and he was released on a twenty-four month term of parole. On August 7, 2012, the Indiana Parole Board revoked his parole, and he returned to prison for fourteen months. On September 13,

2013, he was again released on parole, and he was discharged from parole on December 17, 2014.

Mayberry alleges that state officials did not have the authority to release him on parole or to subject him to incarceration when his parole was revoked because these consequences were not "expressed through the sentence imposed by [the] sentencing judge." Compl. ¶ 33, ECF No. 1. Under Indiana law, "when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term, the person shall be . . . released on parole for not more than twenty-four (24) months, as determined by the parole board." Ind. Code § 35-50-6-1(a)(1). Indiana courts have explained the system for awarding parole as follows:

> Once incarcerated, prisoners begin accumulating additional credits which shorten the length of time they will be incarcerated. Credit time is a statutory reward for a lack of conduct that is in violation of institutional rules. It is earned toward release on parole for felons, and does not diminish the fixed term or affect the date on which a felony offender will be discharged. Credit time is applied to determine a defendant's release date from prison but does not reduce the sentence itself.

*Willet v. State*, 151 N.E.3d 1274, 1279 (Ind. Ct. App. 2020) (cleaned up).

The Indiana courts have also addressed the fundamental nature of parole as follows:

> A parole is not a suspension of a sentence. Rather, it is a substitution during the continuance of the parole, of a lower grade of punishment, by confinement in the legal custody and under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court. So while a parole is an amelioration of punishment, it is, in legal effect, still imprisonment. While on parole the prisoner remains in the legal custody of the parole agent and warden of the prison from which he is paroled until the expiration of the maximum term specified in his sentence or until discharged as provided by law.

*Bleeke v. Lemmon*, 6 N.E.3d 907, 937–38 (Ind. 2014) (cleaned up). "A violation of parole can force the offender to return to prison to serve all or part of those days of his original sentence not

already served in prison." *Garrison v. Sevier*, 165 N.E.3d 996, 998 (Ind. Ct. App. 2021) (citing Ind. Code § 35-50-6-1(c)).

Against this legal backdrop, it appears that Mayberry miscomprehends his sentence and the role of parole under Indiana law. Critically, he appears to believe that he had discharged his eight-year sentence on September 8, 2009, when he was first released on parole. However, his earned time credits did not reduce his eight-year sentence but instead rendered him eligible for release on parole. Further, the parole terms and the reincarceration were simply continuations of the original eight-year sentence. Stated otherwise, state officials did not hold him in excess of his sentence merely by releasing him on parole after September 8, 2009, or by revoking his parole and sending him back to prison.[1]

Further, even assuming that state officials held him in custody in excess of his sentence, Mayberry's claims are untimely. His claims are subject to a two-year statute of limitations. *See Behav. Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009). Here, the alleged misconduct was complete at the time Mayberry was discharged from parole on December 17, 2014, and he did not file this case until nearly ten years later on May 24, 2024. ECF No. 1.

Mayberry asserts that his claims are timely because he did not discover that the trial court did not expressly order him to serve a term of parole until he received discovery in a separate

---

[1] The Court observes that, based on the allegations, the jail time credit, the time served in prison, and the time spent on parole amount to slightly more than eight years. However, the exhibits indicate that Mayberry was sentenced pursuant to two other convictions in Elkhart County on December 6, 2011, which may account for this discrepancy. ECF No. 1-1 at 123. In any event, the Court construes Mayberry's claims as challenging the State's authority to release him on parole and to send him back to prison rather than as claims that state officials did not precisely calculate or execute his sentences.

case in February 2024. "Because Indiana is a 'discovery rule' state, the statute of limitations does not begin to run until 'the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as the result of the tortious act of another.'" *Est. of Verdak v. Butler Univ.*, 856 N.E.2d 126, 133 (Ind. Ct. App. 2006). However, it is unclear why Mayberry, by exercising ordinary diligence, could not have discovered the degree of the trial court's involvement in his parole release much sooner. For example, it is unclear why Mayberry could not have requested a copy of the relevant orders or otherwise sought clarification from the trial court at any time after he learned that he would be released on parole. Indeed, there is no indication that Mayberry made any effort to investigate the terms of his sentence or the basis or validity of his term of his parole prior to February 2024. As a result, the discovery rule does not operate to extend the limitations period in this case.

Mayberry next asserts that the Court should excuse the untimely nature of his claims because state officials engaged in fraudulent concealment by informing him that the trial court had imposed parole. "[The fraudulent concealment] doctrine operates as an equitable device to estop a defendant from asserting a statute of limitations when he has, either by deception or by violation of duty, concealed from the plaintiff material facts preventing the plaintiff from pursuing a potential cause of action." *Ayers v. State Farm Mut. Auto. Ins. Co.*, 558 N.E.2d 831, 833 (Ind. Ct. App. 1990). The Court cannot find that the alleged representations amount to fraudulent concealment. Given Indiana's parole scheme, the trial court's sentence of eight years of incarceration, by operation of law, included a term of parole, so the Court perceives no deception or violation of duty. Relatedly, it is unclear how the lack of any involvement of the court in releasing Mayberry on parole amounts to a material fact given that the term of parole is included by operation of law without regard to a trial court's post-sentencing involvement. Nor is

it clear how state officials could have meaningfully concealed the trial court's lack of involvement from Mayberry given his ability to seek clarification directly from the trial court.

In sum, Mayberry cannot proceed on this complaint because it does not state a claim upon which relief can be granted and because the claims are untimely. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on August 12, 2024.

> s/ Theresa L. Springmann
> JUDGE THERESA L. SPRINGMANN
> UNITED STATES DISTRICT COURT