UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MARCUS MAYBERRY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-424-TLS-APR |
| EDWIN G. BUSS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Timothy Marcus Mayberry, a prisoner without a lawyer, filed a motion to alter or amend the order dismissing this case to allow him to pursue his state law claims in state court. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741, 744 (7th Cir. 1993).

On May 24, 2024, Mayberry filed a complaint asserting claims under federal and state law in connection with terms of incarceration and parole that concluded on December 17, 2014. ECF No. 1. The state law claims included false imprisonment, battery, negligence, negligent and intentional infliction of emotional distress, negligence, and civil conspiracy. On August 12, 2024, the Court entered an order dismissing the federal claims asserted by Mayberry in his complaint because they were based on misunderstandings of his sentence and Indiana law and because the claims were untimely. ECF No. 5. As noted by Mayberry, the Court did not address the state law claims in the dismissal order, so the Court addresses them here.

In the motion to alter or amend, Mayberry contends that the Court cannot address his state law claims now because the dismissal of the federal claims has deprived the court of its supplemental jurisdiction over the state law claims. Mayberry's understanding of supplemental jurisdiction is incorrect. Dismissal of federal claims does not automatically deprive federal courts of supplemental jurisdiction over related state law claims; instead 28 U.S.C. § 1367(c)(3) grants federal courts the discretion to relinquish supplemental jurisdiction. *See RWJ Mgmt. Co. v. BP Prod. N. Am., Inc.*, 672 F.3d 476, 479 (7th Cir. 2012) ("Because the choice is committed to the district court's judgment, we review only for an abuse of discretion.").

"When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court." *Al's Serv. Ctr. v. BP Prod. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). "There are, however, unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness and comity—will point to federal decision of the state-law claims on the merits." *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994). "There are three acknowledged exceptions to this rule: when (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514–15 (7th Cir. 2009) (cleaned up).

Here, the State law claims fall squarely within the first exception. In the dismissal order, the Court found that the federal claims were untimely by relying on the same statute of limitations that applies to his state law claims. *See Behav. Inst. of Ind., LLC v. Hobart City of*

2

*Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) ("Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred."). Consequently, the Court clarifies that both the federal and state law claims asserted in the complaint were dismissed with prejudice and denies the motion to alter or amend judgment.

For these reasons, the Court DENIES the Motion to Alter or Amend Judgment [ECF No. 7].

SO ORDERED on August 29, 2024.

                                              s/ Theresa L. Springmann  
                                              JUDGE THERESA L. SPRINGMANN  
                                              UNITED STATES DISTRICT COURT